IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RICKY MACK MORRIS, #217061, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | )     CASE NO. 3:24-CV-650-MHT-CSC ) |
| RUSSELL COUNTY SHERIFF DEPARTMENT, et al., | ) ) ) ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Proceeding pro se, Ricky Morris, an inmate at the Russell County Jail, filed this 42 U.S.C. § 1983 action challenging the constitutionality of conditions to which inmates are allegedly subjected at the facility. Doc. 1. Plaintiff requests class certification of this case on behalf of all similarly situated inmates detained at the Russell County Jail and seeks to act as the class representative. Doc. 3 at 1–2. The Court construes this request as a motion for class certification under Federal Rule of Civil Procedure 23.

Plaintiff is a pro se inmate unschooled in the law who seeks to represent the interests of inmates currently incarcerated at the Russell County Jail. Among the requirements litigants must meet to maintain an action as a class action is that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). While a pro se inmate may "plead and conduct" his own claims in federal court, 28 U.S.C. § 1654, he has no concomitant right to litigate the claims of other individuals. Under the circumstances of this case, the undersigned finds that Plaintiff, as a pro se litigant, cannot

adequately protect the interests of other inmates incarcerated at the Russell County Jail, and his motion for class certification is therefore due to be DENIED. *See Johnson v. Brown*, 581 F. App'x 777, 781 (11th Cir. 2014) ("[T]he district court did not abuse its discretion when it denied [the pro se inmate plaintiff's] motion for class certification. … As a pro se litigant, [the plaintiff] cannot bring an action on behalf of his fellow . . . inmates. *See Timson [v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008)] (explaining that 28 U.S.C. § 1654, the provision permitting parties to proceed *pro se*, provides 'a personal right that does not extend to the representation of the interests of others'); *Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (concluding that a pro se inmate could not bring a petition for equitable relief on behalf of his fellow inmates).").[1]

For the above reasons, the undersigned Magistrate Judge RECOMMENDS that:

1. Plaintiff's motion for class certification (Doc. 3) be DENIED.

2. This case be referred to the undersigned for further proceedings.

Further, it is ORDERED that by **November 27, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order, and it is therefore not appealable.

---

[1] Furthermore, the undersigned finds that the prosecution of separate civil actions will not create a risk of inconsistent or varying adjudications with respect to any general claims for relief. *See* Fed. R. Civ. P. 23(b)(1)(A); *Inmates, Washington Cnty. Jail v. England*, 516 F. Supp. 132, 144 (E.D. Tenn. 1980), affirmed, 659 F.2d 1081 (6th Cir. 1981) (denying pro se plaintiffs' request to certify case as a class action because "any declaratory relief granted . . . would likely inure to the benefit of other similarly situated individuals" even absent granting the request for class certification).

3

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *See* 11th CIR. R. 3–1.

Done, this 13th day of November 2024.

/s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE